IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEDIDIAH ISAAC MURPHY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-163-N |
| | § | (Death Penalty Case) |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO STAY AND ABATE PROCEEDINGS**

On January 28, 2010, Petitioner filed a brief in support of his petition for writ of habeas corpus which included a motion to stay proceedings and hold them in abeyance ("Brief in Supp.," doc. 3). Respondent's answer was due on June 1, 2010, but instead he filed a notice of non-opposition to the motion to stay and abate these proceedings ("Notice", doc. 9). The Court finds that the agreed stay and abatement should be and hereby is GRANTED.

**I. UNEXHAUSTED CLAIMS**

Petitioner requests that this Court stay and abate these habeas-corpus proceedings so that he may return to the state court to present certain unexhausted claims. Petitioner explains that his "federal habeas corpus petition raises two of the exhausted claims and three additional claims that were not raised in state Court--suppression of evidence and use of false testimony by the prosecution, ineffective assistance of counsel at the punishment stage, and ineffective assistance of counsel at the guilt-innocence stage." (Brief in Supp. at 20.) Petitioner moves that should the director decline to waive this exhaustion requirement that this Court stay these federal proceedings

and hold them in abeyance so that he may return to the state courts to exhaust his remedies concerning these claims. (Brief in Supp. at 20).  In his notice, Respondent states, "[a]t the request of the Dallas County District Attorney's Office, the Director believes that justice would best be served if this Court would grant Murphy's motion to stay and abate these proceedings so that he may return to state court. Therefore, the Director does not oppose Murphy's motion." (Notice at 1.)

The decision whether to waive the exhaustion requirement is entirely Respondent's and outside the province of this Court.  Since Respondent has filed his notice joining in the motion to stay and abate, it appears that motion is now properly before this Court.

## II. STANDARD

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a petition containing unexhausted claims so that the habeas petitioner may return to state court to exhaust such claims in limited circumstances.

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.*, at 277 (citing 28 U.S.C. § 2254(b)(2)).  The Supreme Court further cautioned against the undue refusal to allow development of such claims.

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.*, at 278.  Extra care is also appropriate in the disposition of this case in which the death penalty has been assessed, so that any potentially meritorious claim may be properly considered before an

execution is allowed to proceed and that any unwarranted delay is avoided. *See Rhines*, 544 U.S. at 277-78 (expressing caution about the special danger of delays in death-penalty cases). This Court must determine (1) whether good cause exists for Petitioner's failure to exhaust, (2) whether the unexhausted claims are plainly meritless, and (3) whether Petitioner intentionally failed to bring these claims earlier in order to prolong this litigation. *See Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010). Respondent's notice of non-opposition makes this task easier.

### III. ANALYSIS

#### A. *Good Cause*

Petitioner claims that good cause exists to excuse the procedural default because his state habeas attorney had become disqualified to act as his counsel and became the only advocate against him with respect to the unexhausted claims, as even the state's attorneys had joined in the request for additional time to consider the new claims. (Brief in Support at 15-17, 20-23.) While Respondent agrees that justice would be served by allowing these claims to now be considered by the state courts, the meaning of "good cause" under *Rhines* is not settled.

In his concurring opinion in *Rhines*, Justice Stevens noted that " 'good cause' for failing to exhaust state remedies more promptly . . . is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner.' " *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (quoting *Rose v. Lundy*, 455 U.S. 509 (1982)). In discussing this term, this Circuit has determined that the Supreme Court did not intend it to mean "good excuse" in the technical sense, but rather "good cause" in the equitable sense. *See Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007). The United States Court of Appeals for the Ninth Circuit has held that "good cause" under *Rhines* is less stringent than their "extraordinary circumstances" standard, *Jackson v. Roe*,

425 F.3d 654, 661-62 (9th Cir.2005), but that a habeas petitioner's "impression" that his counsel had exhausted an unexhausted claim would still not constitute "good cause" for failure to exhaust that claim. *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). The United States Court of Appeals for the First Circuit has held that "ignorance of the law does not constitute good cause," *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007), and that a habeas petitioner's strategic decision to omit some claims from his state court application for leave to obtain further appellate review could not amount to "good cause" under *Rhines*. *See Clements v. Maloney*, 485 F.3d 158, 169-71 (1st Cir. 2007). Pointing to a lack of "consensus among federal courts on what constitutes 'good cause' within the meaning of *Rhines*," one court has concluded that "it is analogous to the external 'cause' required to excuse a procedural default." *Brawner v. Epps*, 2008 WL 1745541 (N.D. Miss., Apr. 11, 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (requiring petitioner to demonstrate some "objective factor external to the defense" that made it impossible to bring the claim earlier in State proceedings)). This appears to be a more stringent standard than applied by most courts.

While this more stringent case-and-prejudice standard would exclude claims that were not discovered merely because his habeas counsel failed to conduct an adequate investigation, *see Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999), Petitioner also alleges *Brady* violations. The prosecution's withholding of *Brady* evidence from the petitioner's attorneys qualifies as a "substantial reason for the default that is external to [the petitioner]." *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir.2002). Therefore, even under the more stringent standard, Petitioner's allegations could support a finding of good cause.

4

### B. *Not Plainly Meritless*

Petitioner claims that the unexhausted claims show that extraneous offenses were improperly admitted in the punishment phase of his trial because suppressed evidence showed that they could not have been committed by Petitioner and that the eyewitness identification was not as certain as presented to the jury, and that trial counsel was ineffective in both the punishment phase an guilt-innocence phases of his trial. These allegations, if true, could form the basis for habeas corpus relief, and Respondent has acknowledged the need to examine these claims further. Therefore, they do not appear to be plainly meritless.

### C. *Not Dilatory*

Respondent does not claim that Petitioner has engaged in any dilatory tactics. Instead, Respondent joins in the request to stay and abate these proceedings, which will result in some delay so that the unexhausted claims may be properly presented to and considered by the state courts. There is no allegation that the petitioner engaged in intentionally dilatory litigation tactics and it appears that justice is served by granting the motion to stay and abate these proceedings so that these claims may be fully and properly considered by the state courts.

## IV. CONCLUSION

Petitioner's allegations, if true, could support the grant of habeas relief. He has identified claims that, when fully developed, may prove these factual allegations, and has shown good cause for failing to exhaust these claims in the state courts. Respondent has joined in this motion and asserts that justice will be served by allowing these claims to be properly considered by the state courts. Therefore, the motion to stay and abate these proceedings is granted subject to the following schedule.

5

## V. SCHEDULE

*Rhines* counsels that "[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. *Rhines* therefore instructs district courts to "place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. Accordingly, the court orders Petitioner to file a habeas application in state court within 45 days of the date of this memorandum opinion and order, and, unless he obtains habeas relief in state court, to return to this court within 45 days after he exhausts his state court habeas remedies.

For the reasons explained, Petitioner's motion to stay and abate these proceedings contained within his brief in support of his petition is GRANTED, these proceedings are stayed and abated while Petitioner pursues his state habeas remedies in accordance with this memorandum opinion and order. During the pendency of this stay, the Court directs the District Clerk to administratively close this civil action for all statistical purposes.

SO ORDERED.

SIGNED June 8, 2010.

_____
David C. Godbey
United States District Judge