IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEDIDIAH ISAAC MURPHY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-163-N |
| | § | (Death Penalty Case) |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER REFERRING CASE**

Jedidiah Isaac Murphy petitions the Court for a writ of habeas corpus, contending that his conviction and death sentence by the state court are unconstitutional for reasons that include claims that were not presented in his original state habeas proceedings. He is represented before this Court by counsel who assert that they also represented Murphy in the original state habeas proceedings before the Texas Court of Criminal Appeals ("CCA"). (Brief in Support of Amended Petition, doc. 12, at 2.) Therefore, the Court refers this case for hearing and any appointment of independent counsel that may be needed in this case.

I

In *Martinez v. Ryan,* 132 S.Ct. 1309 (2012), the Supreme Court created an equitable exception to procedural bar for claims of ineffective assistance of trial counsel that were not presented to the state court in the original state post-conviction habeas-corpus proceedings due to the ineffective assistance of state habeas counsel. In *Trevino v. Thaler,* 133 S. Ct. 1911 (2013), this new exception was held to apply to Texas cases.

The United States Court of Appeals for the Fifth Circuit has noted that new counsel may be required to investigate when the same counsel represents the inmate in federal court that represented the inmate before the state court in these situations.

> To be clear, if a federal habeas petitioner is represented by the same counsel as in state habeas proceedings, and the petitioner requests independent counsel in order to investigate and pursue claims under *Martinez* ... qualified and independent counsel is ethically required.  A district court must grant the motion for appointment of counsel without regard to whether the underlying motion identifies a 'substantial' ineffective assistance claim under *Martinez.*

*Mendoza v. Stephens,* 783 F.3d 203, 211 (5th Cir. 2015) (quoting *Juniper v. Davis,* 737 F.3d 288, 290 (4th Cir. 2013)).  The Court of Appeals then stayed the appeal and remanded to the district court to appoint additional counsel for Mendoza.  It also noted that tolling of AEDPA's limitation period may be appropriate to allow the consideration of any new claims identified by newly appointed counsel under the Supreme Court's holding in *Christeson v. Roper,* 135 S. Ct. 891, 894 (2015) (holding that such tolling may be available for "serious instances of attorney misconduct").

II

Because Murphy's counsel claim to have represented him before the CCA in his original state habeas proceedings (Am. Pet. Br. at 2), a conflict of interest may exist.  It is not clear, however, whether such counsel could have identified any claims to the CCA that the first counsel missed, could have requested any remand to the district court for hearing of any new claims, could have sought leave to amend the petition that had been filed to include such claims, or whether there are any claims that were missed by all state habeas counsel.  Therefore, the Court finds that a hearing is appropriate to determine whether Murphy desires the appointment of new, independent counsel to investigate the matter.

III

This case is referred to United States Magistrate Judge Paul D. Stickney for hearing, if necessary, and recommendation or determination to this Court on the question of whether Murphy desires the appointment of new, independent counsel to investigate the matter.  *See* 28 U.S.C. § 636(b); N.D. Tex. Special Order 3-251.

IT IS SO ORDERED.

SIGNED October 22, 2015.

_____
David C. Godbey
United States District Judge