IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEDIDIAH ISAAC MURPHY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:10-cv-163-N |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Correctional Institutions Division, | § | |
| Texas Department of Criminal Justice, | § | |
| | § | |
| Respondent. | § | |

**THE FEDERAL PUBLIC DEFENDER FOR THE NORTHERN DISTRICT OF TEXAS'S RESPONSE TO SHOW CAUSE ORDER REGARDING MR. MURPHY'S MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner Jedidiah Murphy is scheduled to be executed on October 10, 2023. On June 8, 2023, Mr. Murphy, through attorney Catherine Bernhard, filed a Motion for Appointment of Counsel in this Court. Doc. 50 (Motion). The same day, this Court entered a Show Cause Order regarding the Motion, requiring a response within twenty days from Mr. Murphy's counsel of record, Ms. Bernhard, and the Federal Public Defender for the Northern District of Texas (FPD). Doc. 51. That order directs that each party:

> [S]hall each advise the court as to (1) whether there is any legitimate basis for allowing Murphy's current federal habeas counsel to withdraw from their representation of Murphy in this proceeding; (2) whether Murphy is entitled to substitution of counsel in this proceeding; and (3) the identities of any counsel qualified under 18 U.S.C. § 3599 for appointment in this case as new lead counsel and new co-counsel for Murphy who are willing and able to undertake Murphy's representation in this proceeding and any future state clemency or competency proceedings.

*Id.* at 2.

The FPD's position is that there is a legitimate basis for not requiring Randy Schaffer and Richard Wetzel to represent Mr. Murphy for future proceedings, that an order of substitution under 18 U.S.C. § 3599(e) would be inappropriate because there is no § 3599(a) appointment for which substitution can made,[1] and that Katherine Froyen Black should be appointed to represent Mr. Murphy under § 3599(a)(2). Mr. Murphy has a statutory right to counsel and sufficient time remains for counsel to be appointed to represent him without unnecessarily delaying the proceedings. Furthermore, the FPD is willing to serve as local counsel in this matter to comply with Local Rule 83.10.

**I.     There is a legitimate basis for not requiring Mr. Schaffer and Mr. Wetzel to represent Mr. Murphy for future proceedings.**

Mr. Murphy was represented in his initial federal habeas proceedings by attorneys Randy Schaffer and Richard Wetzel, who were retained by a benefactor for Mr. Murphy willing to pay for representation during that proceeding. *See* Doc. 50 at 2–3; Doc. 53 at 2. They were never appointed under § 3599(a)(2). In the Motion, Mr. Murphy states that the representation was "terminated" in May 2019 without further explanation, that his retained counsel have not represented him since then, and "that they are not available for appointment." *Id.* at 4. The May 2019 termination took place after federal habeas proceedings had concluded with a Supreme Court order denying certiorari. Doc. 53 at 5.

Undersigned counsel has spoken with Mr. Schaffer, who has provided more information to this Court regarding why the retention agreement was terminated and why he and Mr. Wetzel

---

[1] This Court found that Mr. Murphy was eligible for the appointment of counsel under § 3599(a)(2) in 2016. Doc. 30 at 1. However, that counsel, Don Vernay, was appointed as independent counsel "for the limited purpose of investigating whether any claims of ineffective assistance of trial counsel were not presented to the state court because of the ineffective assistance of counsel who are now also representing Murphy in these proceedings and to present any such claims to this Court." *Id.* at 1–2. Mr. Vernay found that no such claims existed, Doc. 34, and this Court adopted his report. Doc. 35. Not long after submitting that report, Mr. Vernay voluntarily resigned from the State Bar of Texas. https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=208473.

2

are unable to currently represent Mr. Murphy. Doc. 53 at 2–8. In short, as the FPD understands the situation, Mr. Murphy terminated the representation agreement with his retained attorneys in May 2019, and there are several reasons, both practical and legal, why they cannot represent him now. *Id.* The FPD believes that Messers. Schaffer and Wetzel are best situated to provide this information to the Court since the FPD has no first-hand knowledge of this information, and they have done so in their Response. *See id*. Based on Mr. Schaffer's representations and that filing, the FPD does not think Mr. Murphy's formerly retained counsel should be required to restart their representation, and a legitimate basis exists for them to be relieved of any future responsibility in this case. Their appointment is particularly unnecessary because qualified counsel is able to represent Mr. Murphy now, without causing any delay in the proceedings. *See* Section III, *infra*.

## II. Mr. Murphy is entitled to counsel under 18 U.S.C. § 3599(a)(2), and there can be no "substitution" of counsel under that provision where there is no § 3599 appointee.

Mr. Murphy's request for counsel comes to this Court in an unusual posture for a capital habeas petitioner—a transition from retained to court appointed counsel. 18 U.S.C. § 3599(a)(2) guarantees counsel for any death-sentenced petitioner "who is or becomes financially unable to obtain adequate representation." This right to counsel exists even after initial federal habeas proceedings have concluded, including for purposes of clemency and other remaining litigation. 18 U.S.C. § 3599(e). Mr. Murphy asserts in his motion that he qualifies for representation under § 3599(a)(2). Doc. 50 at 4. Assuming that is accurate, he is entitled to the appointment of counsel under § 3599(a)(2), counsel that he does not currently have. The FPD presumes he is eligible, particularly so because this Court previously found him eligible for counsel under this provision when appointing independent counsel for a limited, and now discharged, purpose. Doc. 30 at 1.

This Court's Show Cause Order correctly notes that the standard for substituting § 3599 counsel is found in *Martel v. Clair*, 565 U.S. 648, 663 (2017). Doc. 51 at 2. However, *Clair* resolved what legal standard applies when substituting counsel appointed under § 3599 for new counsel under that provision. *See id.* Indeed, the plain text of the statute makes clear that a § 3599(e) substitution occurs only when there is a § 3599 appointee:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney *so appointed* shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

(emphasis added.) Here, Mr. Murphy is not attempting to *substitute* counsel under § 3599(e). Instead, he asks that this Court *appoint* counsel under § 3599(a)(2) because he is financially unable to obtain adequate representation and does not have counsel appointed under that provision. As such, the FPD believes this situation is best analyzed as a question of whether Mr. Murphy is entitled to counsel under § 3599(a)(2) rather than *Clair*'s standard for substitution.

Even if this Court chooses to apply the interests of justice standard from *Clair*, that is met. Mr. Murphy is effectively unrepresented in federal court and has a statutory right to counsel. While the timing of the request is not optimal, it is Mr. Murphy himself who is harmed by that, not the opposing party or anyone else. Mr. Murphy's appointed counsel will have a limited window with which to pursue clemency or any other remaining remedies. Ms. Black informed the undersigned that she will not seek a stay based solely on the timing of her appointment,[2] so appointing counsel

---

[2] This Court also has time to appoint counsel prior to its discretionary stay power being activated based on the appointment counsel (or at least prior to that provision having any practical effect here). *See* 28 U.S.C. § 2251(a)(3) (permitting a court to stay an execution based on the appointment of counsel, but only for 90 days).

will not delay these proceedings. *See* Section III, *infra*. As such, no matter what standard this Court chooses to apply, Mr. Murphy should be appointed counsel under § 3599(a)(2), regardless of whether it considers this an "appointment" or a "substitution" at this juncture.

### III. The FPD recommends that this Court appoint Katherine Froyen Black to represent Mr. Murphy under 18 U.S.C. § 3599(a)(2) and the FPD as local counsel.

The United States Supreme Court has repeatedly recognized the need for qualified counsel for indigent, death-sentenced individuals pursuing federal habeas corpus remedies. *Christeson v. Roper*, 574 U.S. 373, 377 (2015); *Clair*, 565 U.S. at 657; *McFarland v. Scott*, 512 U.S. 849, 859 (1994). Capital federal habeas litigation requires specialized knowledge and experience. *See, e.g.*, 18 U.S.C. § 3599(d) (acknowledging "the unique and complex nature of the litigation"); *McFarland*, 512 U.S. at 856–57 (noting that "this Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master" (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989) (Stevens, J., dissenting))). Appointed counsel "should have distinguished prior experience in the area of federal post-conviction proceedings and in capital post-conviction proceedings." CJA Plan, § XIV.F.8.

Qualifications for counsel in federal capital habeas proceedings are established by § 3599. Section 3599(d) permits a federal court to "appoint an[] attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant." Due to its current caseload and responsibilities to other clients, the FPD's office is unable to accept appointment in this case as § 3599 counsel. It is, however, willing to be appointed as local counsel consistent with the requirements of Local Rule 83.10. The FPD will ensure that it fulfils the requirement of local counsel consistent with that Rule, and also assist appointed counsel as able to ensure that Mr. Murphy receives adequate representation.

When the FPD is unable to accept appointment in a capital § 2254 case, "the judge should appoint other fully qualified counsel." CJA Plan, § XIV.F.3. The FPD recommends that this Court appoint Katherine Froyen Black to represent Mr. Murphy. The FPD has conferred with Ms. Black, and she is willing to accept appointment in this case as counsel under § 3599(a)(2) and for the FPD to serve as local counsel. Moreover, Ms. Black confirmed that she will not seek a stay based solely on the timing of her appointment, so appointing counsel as requested by Mr. Murphy will not delay these proceedings.

Ms. Black qualifies for appointment under § 3599(d). She has been representing death-sentenced inmates in federal habeas and state postconviction proceedings since 2002. From 2002-2004, she represented clients in capital direct appeals as a Deputy State Public Defender at the Office of the State Public Defender in San Francisco, California. From 2004-2010, she was an Assistant Federal Public Defender in the Capital Habeas Unit at the Office of the Federal Public Defender for the Central District of California in Los Angeles, California. In 2017-2018, she represented death-sentenced prisoners in state post-conviction proceedings at the Office of Capital and Forensic Writs in Austin, Texas. Since September 2018, she has served as resource counsel to attorneys representing death-sentenced federal habeas petitioners in Texas through the Texas Habeas Assistance and Training Project. Furthermore, she was appointed in this district as § 3599 counsel to represent Franklin Davis. *Davis v. Lumpkin*, No. 3:21-cv-2333 (N.D. Tex. Nov. 3, 2021) (Doc. 6). Ms. Black's *curriculum vitae* is attached to this filing.

Ms. Black's contact information is: 205 Blue Ridge Trail, Austin, Texas 78746; (415) 847-6127 (cell); kfroyen@gmail.com. If appointed in this case, she will file a motion to appear pro hac vice in this case upon appointment, as she did in Mr. Davis's case. *See Davis v. Lumpkin*, No. 3:21-cv-2333 (N.D. Tex. Nov. 3, 2021) (Docs. 9, 12).

Due to the limited nature of available federal remedies at this stage in the case, Ms. Black's extensive capital habeas experience, and the presence of the FPD as local counsel, co-counsel is not necessary at this time to provide adequate representation to Mr. Murphy in this matter.

### IV.     Conclusion.

For these reasons, the FPD recommends that this Court appoint Katherine Froyen Black to represent Mr. Murphy under § 3599(a)(2) and to appoint the FPD as local counsel.

DATED: June 26, 2023                               Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

*/s/ Jeremy Schepers*
Jeremy Schepers (TX 24084578)
Supervisor, Capital Habeas Unit

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org

## CERTIFICATE OF SERVICE

  I certify that on June 26, 2023, I electronically filed the foregoing document using this Court's CM/ECF system, which will provide service to all parties in this case.

*/s/ Jeremy Schepers*
Jeremy Schepers
